Martin P. Schrama
Stefanie L. Colella-Walsh
**STARK & STARK**
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 895-7261
Facsimile: (609) 895-7395
mschrama@stark-stark.com
scolellawalsh@stark-stark.com

Daniel B. Centner (*pro hac vice* forthcoming)
Grace A. Van Hancock (*pro hac vice* forthcoming)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
935 Gravier St. Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 523-2434
dcentner@peifferwolf.com
gvanhancock@peifferwolf.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOELLE MCFADDEN, individually and on behalf of all others similarly situated, | **CIVIL ACTION** |
| *Plaintiff,* | **Case No. 1:24-cv-04504** |
| v. | |
| AT HOME GROUP, INC. | **CLASS ACTION COMPLAINT AND JURY DEMAND** |
| *Defendant.* | |

Plaintiff Noelle McFadden, an individual who is a resident of the County of Burlington, State of New Jersey, individually and on behalf of all others similarly situated, hereby files this Class Action Complaint against Defendant, At Home Group, Inc, a big-box retail chain, with a principal place of business at 9000 Cypress Waters Blvd, Dallas, Texas 75074. Plaintiff alleges on personal knowledge, investigation of her counsel, and information and belief as follows:

## NATURE OF ACTION

1.      On November 26, 2023, Plaintiff Noelle McFadden ("Ms. McFadden") shopped at Defendant At Home Group, Inc.'s ("At Home") Cherry Hill, New Jersey location.

2.      While shopping, Ms. McFadden found candle holders she wanted to purchase, with the listed price of $11.99 (the "candle holders").

3.      Ms. McFadden was particularly interested in the candle holders because At Home was offering them at a 50% discount, evidenced by a large 50%-off sign near the candle holders and prominent 50%-off stickers on the front of the candle holders.

4.      Based upon At Home's assertions and believing she was buying the candle holders at a 50% discount, Ms. McFadden purchased five of At Home's candle holders for approximately $5.99 each before tax.

5.      Unbeknownst to Ms. McFadden, At Home's discount stickers were inaccurate, misleading, and unlawful.

6.      Ms. McFadden realized the deception after she purchased the candle holders. Upon closer inspection, she saw At Home placed the $11.99 price sticker over a $9.99 price sticker.

7.      At Home was not properly reducing prices to create a deal for New Jersey consumers like Ms. McFadden, but instead improperly inflating the non-discounted, original prices to mislead customers into thinking they were receiving a better deal.

8.      Ms. McFadden would not have purchased At Home's candle holders if she had known At Home was offering the 50% discount on an inflated original price.

*Consumer Protection*

9.      New Jersey protects its consumers from retailers that act deceptively through a statutory framework, which includes:

a. The New Jersey Consumer Fraud Act, codified as N.J.S.A. § 56:8-1, *et seq.*;

b. N.J.A.C. § 13:45A-9.6, which prohibits fictitious pricing; and

c. The New Jersey Trust in Consumer Contract, Warranty and Notice Act, codified as N.J.S.A. § 56:12-14, *et seq.*

10.     As a result of At Home's illicit advertising scheme, At Home violated New Jersey consumer protection laws. Further, At Home breached its express warranty owed under N.J.S.A. § 12A:2-313, based on fraudulent, unlawful, and unfair acts and practices.

11.     In this manner, At Home has engaged in a ubiquitous, ongoing, and uniform policy of unlawfully engaging in what is known as a "markup to markdown" practice, affecting all members of the putative Class, who have suffered an ascertainable and easily calculable loss.

12.     Ms. McFadden and the Class seek declaratory and injunctive relief, directing At Home to identify all victims of its misconduct, ordering At Home to engage in a corrective advertising campaign, and ordering At Home to provide an accounting of its profits and unjust enrichment.

13.     Ms. McFadden seeks damages, restitution, and disgorgement of all profits and unjust enrichment that At Home obtained from Class members as a result of its unlawful, unfair, and deceptive business practices.

14.     Ms. McFadden seeks statutory damages, treble damages, punitive damages, reasonable attorneys' fees and costs, and such other and further relief as the Court may deem necessary or appropriate.

## **PARTIES**

15.     Ms. McFadden is an individual who resides in Burlington County, New Jersey. Ms. McFadden shopped at At Home's 989 Church Road, Cherry Hill, NJ 08002 location and was

enticed to buy candle holders by At Home's representations that she was receiving a 50% discount.

16.    At Home is a retail company with a principal place of business at 9000 Cypress Waters Blvd, Dallas, Texas 75074.

## JURISDICTION AND VENUE

17.    This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2). and (6), because the aggregate claims of the Class members exceed the sum of $5,000,000, exclusive of interest and costs, at least one of the Class members is a resident of a different state than At Home, and the number of putative Class members exceeds 100 persons.

18.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because At Home is subject to personal jurisdiction here and regularly conducts business in this District, and At Home's unlawful course of conduct occurred, and continues to occur, in large part in this District.

19.    This Court has personal jurisdiction over At Home pursuant to, among other bases, 1) At Home conducts regular business in New Jersey; 2) the claims alleged herein took place in New Jersey; and/or 3) At Home has committed tortious acts within the State of New Jersey (as alleged, without limitation, throughout this complaint).

20.    At Home owns and/or operates approximately six brick-and-mortar stores in New Jersey, and operates its website, by which At Home advertises and sells its goods, with said website being regularly seen by New Jersey consumers and being regularly used by New Jersey consumers to purchase goods from At Home.

## STATEMENT OF FACT

21.    At Home is a retail store focused on the sale of home goods and furnishings. As such, At Home sells items like candle holders.

22.     A candle holder manufactured and sold exclusively by At Home, with the UPC 191607980410, was offered for sale at At Home's New Jersey Locations and represented online at:

https://www.athome.com/galvanized-metal-candle-holder-15/124345590.html?nav=search_prod_recs.

23.     This candle holder was originally priced at $9.99.

24.     At some point prior to November 26, 2023, At Home placed price stickers over the $9.99 ones, listing the item at $11.99.

25.     At Home then placed 50%-off stickers on the candle holders and put them in a clearly marked 50% off section.

26.     The candle holders are not the only items At Home fictitiously priced. And At Home is well aware of its ongoing unlawful policies and actions based upon customer complaints, such as numerous online complaints and poor reviews describing just such widespread practices: *see, e.g.,* https://www.bbb.org/us/tx/plano/profile/department-stores/at-home-0875-90237783/complaints?page=1&type=sales

27.     Potentially thousands of New Jersey consumers purchased At Home's products, either in its stores or on its website believing they were receiving a legitimate discount, when, in reality, At Home unlawfully inflated the original price to decrease consumers' discount and increase its profits as part of a common scheme, policy, and practice.

28.     At Home's actions were deceitful and in derogation of New Jersey's consumer protection framework and other standards, discussed throughout.

*Ms. McFadden Shops at At Home's Store*

29.     On November 26, 2023, Ms. McFadden shopped at At Home's Cherry Hill, New

Jersey location.

30.    Ms. McFadden found candle holders she wanted to purchase with $11.99 price stickers.

31.    Ms. McFadden was particularly interested in these candle holders because At Home was offering them at a 50% discount, evidenced by prominent 50% off signs in that section and large 50%-off stickers on the front of the candle holders.

32.    Based upon At Home's assertions and believing she was buying the candle holders at a 50% discount, Ms. McFadden purchased five of At Home's candle holders for $5.99 each before tax.

33.    Ms. McFadden's receipt lists the original price as $11.99 and the sale price as $5.99 for the candle holders, which are labeled as "Metal NP."

34.    After her purchase, Ms. McFadden was upset to find the candle holders still had the original $9.99 price sticker under the $11.99 sticker, meaning she overpaid by $1 or 20% per candle.

35.    Ms. McFadden would not have purchased the candle holders if she knew the prices were fictitiously inflated.

## CLASS ACTION ALLEGATIONS

36.     Ms. McFadden brings this action individually and on behalf of all other persons similarly situated (referred to as "the Class").

37.     Ms. McFadden proposes the following Class definition, subject to amendment as appropriate:

All New Jersey consumers who visited At Home's stores, in person or online, and

purchased a "discounted" product for which At Home fictitiously inflated the original price.

38.    Ms. McFadden reserves the right to amend this Class Action Complaint to assert claims on behalf of additional classes or subclasses of consumers.

39.    Collectively, all these persons identified in the Class definition above will be referred to as "Class members." Ms. McFadden seeks to represent the Class and is a member of the putative Class.

40.    Excluded from the Class is At Home, any entities in which At Home has a controlling interest, and At Home's agents and employees, and any Judge to whom this action is assigned, and any member of such Judge's staff and immediate family.

41.    Ms. McFadden does not know the exact number of members in the Class, but reasonably believes Class members number, at a minimum, to be in the thousands. Further, the Class can be identified easily through records maintained by At Home.

42.    The joinder of all Class members is impracticable due to the number of Class members. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits and inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the party opposing the Class.

43.    The claims of Ms. McFadden are typical of the claims of the Class she seeks to represent. Ms. McFadden and other Class members purchased At Home's products with inflated prices and inaccurate discounts, and as such, the claim of one consumer is the same for all consumers.

44.    There are well-defined, nearly identical, common questions of law and fact

affecting all parties that predominate over questions that may affect individual Class members, including but not limited to the following:

    i.    Whether At Home falsely offered products at discounts;

    ii.    Whether the items At Home offered at discounts had fictitiously inflated original prices;

    iii.    Whether At Home's actions violated N.J.S.A. § 56:8-1 *et seq.*;

    iv.    Whether At Home's actions violated N.J.A.C. § 13:45A-9.6;

    v.    Whether At Home's actions violated N.J.S.A. § 56:12-14 *et seq.*;

    vi.    Whether At Home breached its contracts with the Class;

    vii.    Whether At Home's actions were negligent;

    viii.    Whether At Home's actions constituted a breach of express warranty under N.J.S.A. § 12A:2-313;

    ix.    Whether At Home was unjustly enriched; and

    x.    Whether At Home owes damages to the Class, as well as the appropriate measure of damages.

45. These and other common issues predominate over any individual issues. The focus of these claims is on the conduct of At Home, which did not vary between Class members. Resolution of these common questions will drive the claims of all Class members toward judgment or resolution; they involve a "fatal similarity" for purposes of the claims of all Class members.

46. For all these reasons, a Class Action is the superior method for the fair and efficient adjudication of this controversy.

47. Ms. McFadden and members of the Class have been harmed and/or continue to be harmed by the foregoing and other acts of At Home. Ms. McFadden seeks damages on behalf of herself and all Class members, including but not limited to return of the amount she spent on At Home's products, as well as consequential, statutory, treble and augmented damages, together with

costs and attorneys' fees, in an amount to be proven at trial.

48.      Ms. McFadden will fairly and adequately represent and protect the interests of the Class and has no interests which are antagonistic to any member of the Class.

49.      Ms. McFadden has retained counsel experienced in handling Consumer Class Actions.

50.      Class-wide relief is essential to resolve the claims regarding all potential consumers relating to At Home in an equitable, even-handed fashion and notice can be accomplished by direct notice for most, if not all, members of the Class, with targeted publication notice for the remainder.

51.      Ms. McFadden therefore seeks certification of a class pursuant Fed. R. Civ. P. 23, for certification of a damages class under Rule 23(b)(3), an injunctive or declaratory class under Rule 23(b)(2), and/or an issue class under Rule 23(c)(4).

52.      Ms. McFadden seeks certification of a Rule 23(b)(1)(A) class. Adjudicating At Home's liability for the facts and claims alleged herein on an individualized basis poses a substantial risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for At Home if a class is not certified.

53.      Ms. McFadden seeks certification of a Rule 23(b)(2) class. At Home has acted on grounds generally applicable to the members of a class, thereby making final relief appropriate with respect to a class as a whole. The prosecution of separate actions by individual members of a class would create the risk of inconsistent or varying adjudications with respect to the individual members of a class that would establish incompatible standards of conduct for At Home. The maintenance of this action as a class action presents far fewer management difficulties, far better conserves judicial resources and the parties' resources, and far more effectively protects the rights of each member of a class than would piecemeal litigation.

54.     Ms. McFadden seeks certification of a Rule 23(b)(3) class. As detailed above, common questions regarding At Home's conduct predominate over any individual issues, and a class action is superior to the alternative of hundreds or even thousands of individual cases involving the same core facts and claims addressed to At Home's conduct.

55.     In the alternative, Ms. McFadden seeks certification of an "issues" class pursuant to Rule 23(c)(4). This class would incorporate and allow for the adjudication of all issues the Court adjudges to be common to members of the class and subclass, such as one or more of the common issues identified in this Complaint.

## CAUSES OF ACTION

### First Cause of Action:
### Violation of the New Jersey Consumer Fraud Act
### N.J.S.A. § 56:8-1, *Et Seq.*

56.     Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

57.     Ms. McFadden brings this cause of action on behalf of herself and the Class.

58.     The conduct alleged in this Complaint constitutes a violation of N.J.S.A. § 56:8-1 *et seq.*, which prohibits At Home's "use or employment" of "any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation," or At Home's "knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise."

59.     At Home falsely labeled the candle holders throughout its New Jersey locations as $11.99, when the true original price was $9.99, which was deceptive, fraudulent, false, and a misrepresentation of the item's price.

60.     At Home put this false price on the items knowingly and to conceal, suppress, and

omit the true original price of the candle holders.

61.    At Home then put the candle holders in the prominently marked 50% off section, placed 50% stickers on the candle holders and applied the discount to the falsely inflated price of $11.99, making the item $5.99 instead of $4.99.

62.    At Home further confirmed the inflated original and sale prices on customers' receipts, such as Ms. McFadden's receipts.

63.    At Home's misrepresentations were intended to induce reliance, and Ms. McFadden saw, read, and reasonably relied on them when purchasing At Home's products. At Home's misrepresentations were a substantial factor in Ms. McFadden's purchase decisions.

64.    In addition, Class-wide reliance can be inferred because At Home's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy At Home's products.

65.    This was all part of an unlawful common scheme, policy, and practice employed by At Home throughout its stores involving various products and perpetrated on New Jersey customers.

66.    At Home's deception and false pricing were a substantial factor and proximate cause of ascertainable and easily calculable damages and losses to Ms. McFadden and the Class.

67.    Ms. McFadden and the Class were injured as a direct and proximate result of At Home's Violation of N.J.S.A. § 56:8-1 *et seq.* and have suffered actual, ascertainable and easily calculable damages in an amount to be established at trial.

68.    Pursuant to N.J.S.A. § 56:8-1 *et seq.*, Ms. McFadden seeks actual damages, treble damages, attorneys' fees and costs.

**Second Cause of Action:**
**Violation of N.J.A.C. § 13:45A-9.6**

69.     Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

70.     Ms. McFadden brings this cause of action on behalf of herself and the Class.

71.     The conduct alleged in this Complaint constitutes a violation of N.J.A.C. § 13:45A-9.6, which prohibits the use of fictious former pricing and deems it a violation of the New Jersey Consumer Fraud Act.

72.     "'Fictitious former price' means an artificially inflated price for an item or items of merchandise established for the purpose of enabling the advertiser to subsequently offer the item or items at a large reduction." N.J.A.C. § 13:45A-9.1.

73.     As alleged more fully above, At Home concealed the original $9.99 price sticker on candle holders sold throughout its New Jersey locations with an $11.99 sticker before offering the candle holders for 50% off.

74.     This fictious pricing allowed At Home to profit an extra $1 or 20% on each candle holder, to the detriment of consumers.

75.     At Home's representations were to deceive, and did deceive, Ms. McFadden and reasonable consumers. At Home knew or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

76.     At Home's misrepresentations were intended to induce reliance, and Ms. McFadden saw, read, and reasonably relied on them when purchasing At Home's products. At Home's misrepresentations were a substantial factor in Ms. McFadden's purchase decisions.

77.     In addition, Class-wide reliance can be inferred because At Home's misrepresentations were material, i.e., a reasonable consumer would consider them important in

deciding whether to buy At Home's products.

78.     At Home's misrepresentations were a substantial factor and proximate cause of damages and losses to Ms. McFadden and the Class.

79.     The fictitious former price of the candle holders cannot be substantiated by: 1) prices at which a substantial number of sales of the candle holders, or comparable product was sold in the same trade area in the 60 days immediately prior to, or after, the date the sale price was advertised; 2) prices at which the candleholders were actively and openly offered by the seller for at least 28 out of the prior 90 days; or 3) any indication that the price does not exceed the supplier cost plus the usual and customary mark-up used by the seller in the sale of the candleholders or comparable products.

80.     Ms. McFadden and the Class were injured as a direct and proximate result of At Home's Violation of N.J.A.C. § 13:45A-9.6 and have suffered actual, ascertainable and easily calculable damages in an amount to be established at trial.

**Third Cause of Action:**
**Violation of the New Jersey Trust in Consumer Contract, Warranty and Notice Act,**
**N.J.S.A. § 56:12-14, *Et Seq.***

81.     Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

82.     Ms. McFadden brings this cause of action on behalf of herself and the Class.

83.     Ms. McFadden and Class members are "consumers" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

84.     At Home is a "seller" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

85.     The advertisements and representations in At Home's physical stores regarding the former prices of items, and stating, u.e.g., that the items in its stores are being offered for sale at

discounted prices, are both a consumer "notice" and "warranty" within the meaning of N.J.S.A. §§ 56:12-15 and 16.

86.     By the acts alleged herein, At Home has violated N.J.S.A. § 56:12-16 because, in the course of At Home's business, At Home has offered written consumer notices and warranties to Ms. McFadden and the Class members which contained provisions that violated their clearly established legal rights under state law and federal regulations, within the meaning of N.J.S.A. § 56:12-15.

87.     Specifically, the signs, notices, price tags, and other statements in At Home's physical stores are each a consumer "notice" and/or "sign" within the meaning of N.J.S.A. § 56:12-15.

88.     These signs and notices which were presented and shown by At Home to Ms. McFadden and the Class members violated their clearly established rights under 16 C.F.R. § 233.1 to be free of false purported discounts and the use of fictitious former prices in advertising, as well as their rights under N.J.A.C. 13:45A-9.3(a)(3) and 13:45A-9.4(a)(5) and (6), which require a seller advertising a purported percentage "off" discount and/or a price comparison to affirmatively state in writing the basis for the discount and the source of the price which is being used for comparison, including whether that price was charged by the seller or its competitors and when and where that former price was previously charged.

89.     Ms. McFadden and the Class are aggrieved within the meaning of the New Jersey Trust in Consumer Contract, Warranty and Notice Act, *inter alia*, because they failed to receive the full benefit of the purported discounts offered by At Home, they failed to receive the full value of the items they purchased, and they were lulled into making purchases by the promise of the illusory discounts promised by At Home.

90.     Pursuant to N.J.S.A. § 56:12-17, Ms. McFadden seeks a statutory penalty of $100 for each Class member, as well as actual damages, attorneys' fees and costs.

### Fourth Cause of Action
### Breach of Contract

91.     Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

92.     Ms. McFadden brings this cause of action on behalf of herself and the Class.

93.     Ms. McFadden and Class members entered into contracts with At Home.

94.     The contracts provided that Ms. McFadden and Class members would pay At Home for its products.

95.     The contracts further provided that At Home would provide Ms. McFadden and Class members with products that were worth and had a value equal to the reference price listed on their price tags, at a specified discount. This promised value and specified discount were specific and material terms of each contract.

96.     Ms. McFadden and Class members paid At Home for the products they purchased and satisfied all other conditions of the contracts.

97.     At Home breached the contracts with Ms. McFadden and Class members by failing to comply with the material terms of providing the promised value and discount, and instead charged Ms. McFadden and Class members an inflated price resulting in a lesser discount than promised.

98.     Ms. McFadden and the Class were injured as a direct and proximate result of At Home's breach of contract and have suffered actual damages in an amount to be established at trial.

### Fifth Cause of Action

**Breach of the Implied Covenant of Good Faith and Fair Dealing**

99.    Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

100.    Ms. McFadden brings this cause of action on behalf of herself and the Class.

101.    There was no written contract between At Home and its customers, including Ms. McFadden and the Class.

102.    Rather, by operation of the law New Jersey, there existed an implied contract for the sale of goods between At Home and each customer who purchased items from At Home's stores in New Jersey.

103.    By operation of law, there existed an implied duty of good faith and fair dealing in each such implied contract.

104.    By the acts alleged herein, At Home has violated that duty of good faith and fair dealing, thereby breaching the implied contract between At Home and each Class member.

105.    Specifically, it was a violation of the duty of good faith and fair dealing for At Home to falsely misrepresent the reference prices and value of the items offered for sale as well as the promised discounts and monetary savings.

106.    Ms. McFadden and the Class were injured as a direct and proximate result of At Home's breach of the implied covenant of good faith and fair dealing and have suffered actual damages in an amount to be established at trial.

**Sixth Cause of Action:**
**Breach of Express Warranty under N.J.S.A. § 12A:2-313**

107.    Ms. McFadden incorporates all proceeding allegations as if fully set forth herein.

108.    Ms. McFadden brings this cause of action on behalf of herself and the Class.

109. The Uniform Commercial Code § 2-313 provides that an affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the promise.

110. As detailed above, At Home marketed and sold products with affirmations of fact that the products were on sale for 50% off their original price.

111. The affirmations of fact made by At Home were made to induce Ms. McFadden and Class members to purchase the products from At Home.

112. At Home's representations regarding the items' prices were made in its stores and on its website and are thus part of the basis of the bargain between At Home and purchasers of the products.

113. All conditions precedent to At Home's liability under these express warranties have been fulfilled by Ms. McFadden and Class members, in terms of paying for the goods at issue, or have been waived.

114. New Jersey has codified and adopted the provisions of the Uniform Commercial Code governing express warranties (N.J.S.A. § 12A:2-313).

115. At the time that At Home sold the products, At Home knew that the products were not being sold at a 50% discount from the original price of $9.99, but rather, were being sold at a 50% discount from an inflated, fictitious price of $11.99.

116. At Home breached the terms of the express warranty because the items purchased by Ms. McFadden and Class members did not conform to the description provided by At Home — that they were being sold at a 50% discount on the real original price.

117. At Home intended that Ms. McFadden and Class members rely on these

representations and Ms. McFadden and Class members read and reasonably relied on them.

118.    In addition, Class-wide reliance can be inferred because At Home's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the At Home's products.

119.    At Home's misrepresentations were a substantial factor and the proximate cause of damages and losses to Ms. McFadden and the Class.

120.    Ms. McFadden and the Class were injured as a direct and proximate result of At Home's breach of express warranties and have suffered actual damages in an amount to be established at trial.

**Seventh Cause of Action**
**Negligent Misrepresentation**

121.    Ms. McFadden incorporates all preceding allegations as if fully set forth herein.

122.    Ms. McFadden brings this cause of action on behalf of herself and the Class.

123.    As alleged more fully above, At Home made false representations and material omissions of fact to Ms. McFadden and Class members concerning the nature of the discounts and savings advertised in its store and on its website.

124.    When At Home made these misrepresentations, it knew or should have known that they were false. At Home had no reasonable grounds for believing that these representations were true when made.

125.    At Home intended that Ms. McFadden and Class members rely on these representations and Ms. McFadden and Class members read and reasonably relied on them.

126.    In addition, Class-wide reliance can be inferred because At Home's misrepresentations were material, i.e., a reasonable consumer would consider them important in

deciding whether to buy At Home's products.

127.    At Home's misrepresentations were a substantial factor and proximate cause of damages and losses to Ms. McFadden and the Class. Ms. McFadden and the Class were injured as a direct and proximate result of At Home's negligent misrepresentations and have suffered actual damages in an amount to be established at trial.

**Eighth Cause of Action:**
**Intentional Misrepresentation**

128.    Ms. McFadden incorporates all proceeding allegations as if fully set forth herein.

129.    Ms. McFadden brings this cause of action on behalf of herself and the Class.

130.    As alleged more fully above, At Home made false representations and material omissions of fact to Ms. McFadden and Class members concerning the nature of the discounts and savings advertised in store and on its website.

131.    When At Home made these misrepresentations, it knew that they were false at the time that it made them and/or acted recklessly in making the misrepresentations.

132.    At Home intended that Ms. McFadden and Class members rely on these representations and Ms. McFadden and Class members read and reasonably relied on them.

133.    In addition, Class-wide reliance can be inferred because At Home's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the At Home's products.

134.    At Home's misrepresentations were a substantial factor and the proximate cause of damages and losses to Ms. McFadden and the Class.

135.    Ms. McFadden and the Class were injured as a direct and proximate result of At

Home's intentional representations and have suffered actual damages in an amount to be established at trial.

**Ninth Cause of Action:**
**Unjust Enrichment**

136.    Ms. McFadden incorporates all proceeding allegations as if fully set forth herein.

137.    Ms. McFadden brings this cause of action on behalf of herself and the Class.

138.    As alleged in detail above, At Home's false and misleading prices caused Ms. McFadden and the Class to purchase and pay a an improperly inflated premium price for At Home's products.

139.    In this way, At Home received a direct and unjust benefit, at Ms. McFadden's and the Class's expense.

140.    Ms. McFadden and the Class seek restitution.

<u>**PRAYER FOR RELIEF**</u>

Ms. McFadden respectfully requests that the Court grant Ms. McFadden and all Class members the following relief against At Home:

i.    Declare this action to be a proper class action, certify the Class, and appoint Ms. McFadden and her counsel to represent the Class;

ii.    Order disgorgement or restitution, including without limitation, disgorgement of all revenues, profits, and/or unjust enrichment that At Home obtained, directly or indirectly, from Ms. McFadden or the members of the Class or otherwise as a result of the unlawful conduct alleged herein;

iii.    Permanently enjoin At Home from the unlawful conduct alleged herein;

iv.    Retain jurisdiction to police At Home's compliance with the permanent injunctive

relief;

v.      Order At Home to pay damages and restitution to Ms. McFadden and the Class in an amount to be proven at trial;

vi.     Award compensatory damages, statutory damages, treble damages, costs, and attorneys' fees;

vii.    Award augmented damages;

viii.   Award prejudgment interest at the maximum rate permitted by applicable law;

ix.     Award costs and disbursements incurred by Ms. McFadden, the Class, and Class Counsel in connection with this action;

x.      Award reasonable attorneys' fees for time expended by Class Counsel;

xi.     Award reasonable incentive awards for Ms. McFadden; and

xii.    Provide all other relief to which Ms. McFadden or the Class may show themselves entitled and/or which the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues and defenses.

Dated: April 3, 2024

Martin P. Schrama
Stefanie L. Colella-Walsh
**STARK & STARK**
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 895-7261
Facsimile: (609) 895-7395
mschrama@stark-stark.com
scolellawalsh@stark-stark.com

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
Daniel B. Centner (*pro hac vice* forthcoming)
Grace Van Hancock (*pro hac vice* forthcoming)
935 Gravier St. Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 523-2434
Facsimile: (504) 608-1465
dcentner@peifferwolf.com
gvanhancock@peifferwolf.com

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding to the best of our knowledge and belief.

Dated: April 3, 2024

Martin P. Schrama
Stefanie L. Colella-Walsh
**STARK & STARK**
100 American Metro Blvd.
Hamilton, NJ 08619
Telephone: (609) 895-7261
Facsimile: (609) 895-7395
mschrama@stark-stark.com
scolellawalsh@stark-stark.com

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
Daniel B. Centner (*pro hac vice* forthcoming)
Grace Van Hancock (*pro hac vice* forthcoming)
935 Gravier St. Ste. 1600
New Orleans, Louisiana 70112
Telephone: (504) 523-2434
Facsimile: (504) 608-1465
dcentner@peifferwolf.com
gvanhancock@peifferwolf.com